## LEVY v. ELY.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

1. TORTS OF SERVANT—LIABILITY OF MASTER.

> Where plaintiff had rented a bakery from defendant, and defendant's agent, in making repairs, had willfully and maliciously destroyed the usefulness of the ovens, and had wrongfully brought an action to dispossess plaintiff, and had otherwise injured his business, defendant could not escape liability on the grounds that the agent had exceeded his authority, since such fact would not relieve him unless it appeared that the acts of the servant were to effect some purpose of his own.

2. SAME—JUDGMENT.

> The defendant was not relieved from liability for the wrongful acts of his servant by the fact that a judgment for the damages resulting might be enforced by an execution against the person.

Appeal from trial term, Kings county.

Action by Sophia Levy against William H. Ely for damages for the wrongful act of defendant's servant. From a judgment for de-

fendant on a verdict directed by the court, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

M. Hallheimer, for appellant.

David Hirshfield, for respondent.

WOODWARD, J. The earlier cases, down to and including Isaacs v. Railroad Co., 47 N. Y. 122, 128, following Wright v. Wilcox, 19 Wend. 343, hold the doctrine of the learned court at trial term, that the master is not responsible for the wrongful or malicious acts of. the servant unless such injury results from the business transacted by the servant while engaged in the work of the master, by his express or implied authority. The later cases, however, define the rule more closely, and hold the master to an accountability for the conduct of the servant "unless the fact was proved, to the satisfaction of the jury, that the servant willfully and maliciously, and to effect some purpose of his own, outside of his employment, committed the injury,—in other words, that at the time of the injury, and in the act of its commission, the relation of master and servant did not exist; and, to sustain the nonsuit, the evidence must have been so conclusive that the jury could not have found a verdict for the plaintiff." Mott v. Ice Co., 73 N. Y. 543, 549. In the case at bar the defendant is charged with willful and malicious trespass, and with injury to the person and property of the plaintiff; and the learned trial court directed a verdict upon the ground that, as the evidence showed that the acts complained of were those of a person alleged to be an agent of the defendant, he could not to be held responsible for the willful or malicious acts of his servant, and, as the defendant had denied any malice on his own part, there was no evidence, under the pleadings, to go to the jury. An exception was taken to the direction of a verdict; and the appeal is now before us.

The plaintiff had rented certain premises in the borough of Brooklyn from the defendant, to be used as a bakery. Subsequently, and before the expiration of the lease, plaintiff purchased a building in the neighborhood and fitted it up for a like purpose; retaining possession of the defendant's property, and retaining a man whose duty it was to direct patrons to the new location. In the meantime the factory inspection law (chapter 518, Laws 1895, as amended by chapter 672, Laws 1896) had been extended to bakeries; and the deputy factory inspector in charge of that district had discovered that the bakery of the defendant did not meet the requirements of the law, and repairs and alterations were directed to be made. Defendant, acting through his agent, entered upon the premises for the purpose of making the changes and repairs; and it is averred in the complaint that in performing this work the defendant willfully and maliciously destroyed the usefulness of the ovens which the plaintiff desired to use in the prosecution of her business, and that the work was, with malicious intent, prolonged until the plain-

tiff suffered damages by reason of a loss of custom, etc. It was also averred that the defendant willfully and maliciously, and for the purpose of injuring the business of the plaintiff, instituted summary proceedings to dispossess her, posting a notice upon the premises calculated to mislead her patrons, etc.; and there was evidence from which the jury might have reached the conclusion that one or all of these allegations were true. The fact that these acts were done by the agent of the defendant does not relieve him from responsibility to the plaintiff for any wrong she may have suffered. It matters not that he exceeded the powers conferred upon him by his principal, and that he did an act that the principal was not authorized to do, so long as he acted in the line of his duty, or, being engaged in the service of the defendant, attempted to perform a duty pertaining, or which he believed to pertain, to that service. Lynch v. Railway Co., 90 N. Y. 77, 86. The rule laid down by the court in Mott v. Ice Co., supra, that "for the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully," is quoted with approval in Poucher v. Blanchard, 86 N. Y. 256, 260, and is the recognized law of the state to-day. It must control in the case now before us, and, as there was evidence sufficient to support a verdict in favor of the plaintiff, it was error to direct a verdict.

The fact that the plaintiff may be aided in the enforcement of a judgment by an execution against the person does not, under the authorities, give the defendant any immunity from responsibility to the plaintiff for injuries which she may have received at the hands of the defendant's agent, who, in transacting the business of his principal, acted for the defendant.

The judgment appealed from should be reversed, with costs, and a new trial granted. All concur.