HOLLOWAY v. KENT et al.

(Supreme Court, Appellate Term.   April 26, 1910.)

FALSE IMPRISONMENT (§ 39*)—MALICIOUS PROSECUTION (§ 71*)—TORT OF SERVANT—MASTER'S LIABILITY—AUTHORITY OF SERVANT.

Whether the superintendent of a department of defendants' store, in causing the arrest of plaintiff, an employé therein, and making a charge of larceny against him, was acting in the general scope of his employment, so as to make them liable therefor, is a question for the jury; all the employés, including plaintiff being subject to his orders, it being his duty to see that all packages purchased to be sent were delivered to the purchaser, to trace merchandise lost or stolen, and to look after the department generally, and this allowing of the conclusion that he was impliedly authorized to apprehend the thief as an incident to the recovery of stolen goods.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 116–119; Dec. Dig. § 39;* Malicious Prosecution, Dec. Dig. § 71.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by John H. Holloway against James W. Kent and others, such others constituting the partnership of Stern Bros. From a judgment dismissing the complaint, at the end of plaintiff's case, as against defendants Stern Bros., plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Mark Goldberg (Harry A. Gordon, of counsel), for appellant.
Edgar H. Rosenstock (Benjamin Scharps, of counsel), for respondents.

GAVEGAN, J. The action was brought to recover damages on two counts—one for false arrest and imprisonment, and the other for malicious prosecution. On October 9, 1907, the plaintiff, in the employ of the defendants Stern Bros., was unlawfully arrested under a charge of grand larceny, by direction of the defendant Kent, Stern Bros.' superintendent. He was taken to police headquarters, confined in a cell until the following morning, photographed for the Rogues' Gallery, and his physical measurements taken by the police authorities. He was placed in line with a number of criminals, inspected and examined by detectives, later arraigned before a magistrate, charged with the crime of grand larceny, held by the magistrate, and then released on bail. On a subsquent day he was tried before the magistrate and acquitted; the evidence of his innocence being conclusive. The answer of the defendants is a general denial.

At the end of the plaintiff's case the court ruled that both causes of action had been established against the defendant Kent, but dismissed the complaint as against the defendants Stern Bros., upon the ground, as stated by the court, "that there is nothing here connecting Stern Bros., a copartnership, with the arrest in this case." The action proceeded as against the defendant Kent, but the jury failed to agree. The question involved in this appeal is whether, on the evidence presented, it was sufficiently established that Kent, Stern Bros.' superintendent, in causing the arrest, and making the criminal charge against the plaintiff, was acting within the scope of his employment, and whether Stern Bros. are chargeable with his acts.

The plaintiff is entitled to the most favorable inferences to be drawn from the evidence. The evidence shows that Kent was in the employ of the defendants Stern Bros. as manager of the delivery department. The employés of this department, numbering 300 to 350 persons, including plaintiff, were subject to his orders. It was his duty to see that all packages purchased to be sent were delivered to the customers who purchased them, to trace merchandise lost or stolen, and to look after the department generally. Under these circumstances, the jury might well conclude that Kent was impliedly authorized to apprehend the thief, as an incident to the recovery of stolen merchandise. It was not necessary for the plaintiff to show that the defendants Stern Bros. expressly authorized Kent to cause the arrest of the plaintiff, or that they were present and ratified it. It was sufficient if he showed that in causing plaintiff's arrest Kent was acting within the general scope of

his authority, and I think that under the facts in this case it was for the jury to say whether the defendant Kent was acting within the general scope of his authority. Craven v. Bloomingdale, 171 N. Y. 439, 64 N. E. 169.

"Where authority is conferred to act for another, without special limitation, it carries with it by implication authority to do all things necessary to its execution; and when it involves the exercise of discretion of the servant or the use of force towards or against another, the use of such discretion is part of the thing authorized, and, when exercised, becomes as to third persons the discretion and acts of the master, and this although the servant departed from the private instructions of the master." Rounds v. D., L. & W. R. R. Co., 64 N. Y. 129, at page 133, 21 Am. Rep. 597.

So, in the case at bar, it was for the jury to say whether the employment of Kent, in the capacity testified to, carried with it the implied authority to cause the arrest, in his discretion, or whether he was only to recover the stolen goods and do nothing further. In Levy v. Ely, 48 App. Div. 554, 62 N. Y. Supp. 855, the court said:

"It matters not that he exceeded the powers conferred upon him by his principal, and that he did an act that the principal was not authorized to do, so long as he acted in the line of his duty, or, being engaged in the service of the defendant, attempted to perform a duty pertaining, or which he believed to pertain, to that service. Lynch v. Metropolitan El. R. Co., 90 N. Y. 77, 86 [43 Am. Rep. 141]."

An important fact, distinguishing the case at bar from the authorities relied upon by the respondent, is that here the plaintiff was an employé of the defendants, and subject at the time of the arrest to the authority of defendants' superintendent, who caused the arrest; whereas, in each of the cases cited by the respondent, the plaintiff was a stranger. Adopting the principles laid down in the authorities cited above, we think the learned court below erred in not submitting the case to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.