JOHN H. HOLLOWAY, Plaintiff-Appellant, *v.* JAMES W. KENT, Defendant, and ISAAC STERN, LOUIS STERN and BENJAMIN STERN, Copartners Doing Business Under the Firm Name and Style of STERN BROS., Defendants-Respondents.

(Supreme Court, Appellate Term, May, 1910.)

Master and servant — Liability for injuries to third persons — Actions — Questions for jury.

Where the superintendent in defendants' department store caused the arrest of plaintiff and made a criminal charge against him, the questions whether he was acting within the scope of his employment and whether the defendants were chargeable with his acts are for the jury, it appearing that all the employees in the superintendent's department, including plaintiff, were subject to the

order of the superintendent whose duty it was to see that all pack-
ages purchased to be sent were delivered to the purchasers, to
trace merchandise lost or stolen and to look after the department
generally, as, under the circumstances, the jury might conclude that
the superintendent was impliedly authorized to apprehend the
thief as an incident to the recovery of stolen merchandise.

APPEAL by the plaintiff from a judgment of the City
Court of the city of New York, dismissing the complaint at
the end of the plaintiff's case, as against the defendants
Stern Bros.

Mark Goldberg (Harry A. Gordon, of counsel), for
appellant.

Edgar H. Rosenstock (Benjamin Scharps, of counsel), for
respondents.

GAVEGAN, J.  The action was brought to recover damages on
two counts, one for false arrest and imprisonment, the other
for malicious prosecution.  On October 9, 1907, the plain-
tiff, in the employ of the defendants Stern Bros., was un-
lawfully arrested under a charge of grand larceny, by direc-
tion of the defendant Kent, Stern Bros.' superintendent.  He
was taken to police headquarters, confined in a cell until
the following morning, photographed for the Rogues' Gal-
lery, and his physical measurements taken by the police au-
thorities.  He was placed in line with a number of crim-
inals, inspected and examined by detectives, later arraigned
before a magistrate, charged with the crime of grand lar-
ceny, held by the magistrate, and then released on bail.  On
a subsequent day he was tried before the magistrate and ac-
quitted, the evidence of his innocence being conclusive.  The
answer of the defendants is a general denial.

At the end of the plaintiff's case the court ruled that
both causes of action had been established against the de-
fendant Kent, but dismissed the complaint as against the
defendants Stern Bros., upon the ground, as stated by the
court, " that there is nothing here connecting Stern Bros.,
a copartnership, with the arrest in this case."  The action
proceeded as against the defendant Kent, but the jury failed

Supreme Court, Appellate Term, May, 1910.          [Vol. 67.

to agree.  The question involved in this appeal is whether,
on the evidence presented, it was sufficiently established that
Kent, Stern Bros.' superintendent, in causing the arrest,
and making the criminal charge against the plaintiff, was
acting within the scope of his employment, and whether
Stern Bros. are chargeable with his acts.

The plaintiff is entitled to the most favorable inferences
to be drawn from the evidence.  The evidence shows that
Kent was in the employ of the defendants Stern Bros. as
manager of the delivery department.  The employees of this
department, numbering 300 to 350 persons, including
plaintiff, were subject to his orders.  It was his duty to see
that all packages purchased to be sent were delivered to the
customers who purchased them, to trace merchandise lost or
stolen, and to look after the department generally.

Under these circumstances, the jury might well conclude
that Kent was impliedly authorized to apprehend the thief,
as an incident to the recovery of stolen merchandise.  It was
not necessary for the plaintiff to show that the defendants
Stern Bros. expressly authorized Kent to cause the arrest of
the plaintiff, or that they were present and ratified it; it was
sufficient if he showed that, in causing plaintiff's arrest,
Kent was acting within the general scope of his authority;
and I think that, under the facts in this case, it was for
the jury to say whether the defendant Kent was acting
within the general scope of his authority.  Craven v.
Bloomingdale, 171 N. Y. 439.

"Where authority is conferred to act for another, without special limitations, it carries with it by implication authority to do all things necessary to its execution; and when
it involves the exercise of discretion of the servant or the
use of force toward or against another, the use of such discretion is part of the thing authorized, and when exercised
becomes as to third persons the discretion and acts of the
master, and this although the servant departed from the
private instructions of the master."  Rounds v. D., L. & W.
R. R. Co., 64 N. Y. 129, 133.

So, in the case at bar, it was for the jury to say whether
the employment of Kent, in the capacity testified to, carried

with it the implied authority to cause the arrest, in his discretion, or whether he was only to recover the stolen goods and do nothing further.

In Levy v. Ely, 48 App. Div. 554, the court said: " It matters not that he exceeded the powers conferred upon him by his principal, and that he did an act that the principal was not authorized to do, so long as he acted in the line of his duty, or, being engaged in the service of the defendant, attempted to perform a duty pertaining, or which he believed to pertain to that service. (Lynch v. Metropolitan El. R. Co., 90 N. Y. 77, 86.)"

An important fact, distinguishing the case at bar from the authorities relied upon by the respondent, is that, here, the plaintiff was an employee of the defendant and subject at the time of the arrest to the authority of defendants' superintendent who caused the arrest; whereas, in each of the cases cited by the respondent, the plaintiff was a stranger.

Adopting the principles laid down in the authorities cited above, we think the learned court below erred in not submitting the case to the jury.

SEABURY and LEHMAN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.