## L. S. AYRES & COMPANY ET AL. *v.* HARMON.

[No. 8,235.   Filed February 24, 1914.   Rehearing denied
June 5, 1914.]

1. FALSE IMRISONMENT.—*Excessive Damages.*—In an action for
damages for false imprisonment, where the evidence showed that
plaintiff, a woman, was arrested and roughly treated in a public
business house and subjected to humiliation before a large crowd,
which, because of her age, produced a nervous shock which re-
sulted in her complete loss of health, and that she was taken
along the public streets to the station house, where she was sub-
jected to examination by an officer, a verdict for $3,000 did not
indicate that the jury acted from prejudice, partiality or cor-
ruption, and hence will not be disturbed on the ground of exces-
siveness.   p. 438.

2. FALSE IMPRISONMENT.—*Persons Liable.*—*Scope of Employment.*
—A woman in the employ of a store company as a private detec-
tive, whose duty it was to guard and protect the property of her
employer from theft and to report to it or to the city detectives
when any acts of larceny were committed, was acting in the line
of her duty in following plaintiff from the store under the sup-
position that she had stolen goods, and procuring her arrest by a
policeman away from the store, so as to render her employer
liable in an action for false imprisonment.   p. 438.

3. MASTER AND SERVANT.—*Liability for Acts of Servant.*—*False Im-
prisonment.*—An employer is liable in an action for false impris-
onment procured at the instance of an employe while acting in
the line of his employment, even though such employe violated the
positive instructions of the master.   p. 440.

4. FALSE IMPRISONMENT.—*Action for Damages.*—*Instructions.*—In
an action against a store company for damages for false impris-
onment procured by an employe of the company on the supposi-
tion that plaintiff had committed a theft while in the store, an
instruction on the liability of the company for the act of its em-
ploye, which, when considered as a whole, clearly shows that the
court intended to confine the instructions to the facts therein
stated, was not fatally erroneous in stating that "the proprietors
of a general store who invite the public to become their patrons
are bound under the law to protect such patrons from injury
while visiting or trading within the store, and to protect them
from any torts or wrongs by their agents or employes", though
such statement when separated from the context, as an abstract
proposition of law is subject to criticism.   p. 440.

5. MASTER AND SERVANT.—*Liability for Acts of Servant.*—*Instruc-
tions.*—The master as a rule is liable for injuries resulting from

the act of his employe, and an instruction on the master's liability need not always set out the exceptions to such liability, especially where the facts set out, if proven, show a liability. p. 442.

6. FALSE IMPRISONMENT.—*Instructions.—Punitive Damages.*—In an action for damages for false imprisonment, an instruction that in considering the amount of damages the jury could consider among other facts the plaintiff's mental suffering, if any, her sense of shame and humiliation, and wrongful acts, if any, committed against her, and award her such damages as are shown by a fair preponderance of all the evidence, is not susceptible to the construction that it authorized punitive damages. p. 443.

7. APPEAL.—*Review.—Refusal of Instructions.*—The refusal to give requested instructions is not error, where, in so far as they state the law correctly, they were covered by other instructions given. p. 443.

From Marion Superior Court (80,583); *Pliny W. Bartholomew,* Judge.

Action by Martha Harmon against L. S. Ayres & Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Solon J. Carter* and *D. P. Williams,* for appellants.

*Aquilla Jones, William W. Hammond, Walter D. Jones, Charles P. Tighe, Alexander C. Ayres* and *Frank C. Ayres,* for appellee.

SHEA, P. J.—This was an action by appellee Martha Harmon, against L. S. Ayres & Company, Bernice Ganter and others, to recover damages for her alleged unlawful arrest and false imprisonment by defendants. Separate answers in general denial were filed to the amended complaint. The issues formed were submitted to a jury for trial, and a verdict was returned in favor of appellee against L. S. Ayers & Company, Bernice Ganter and William Cox for $3,000, upon which verdict judgment was rendered.

It is assigned that the court erred in overruling appellants' separate motions for a new trial. The errors upon which appellants rely in this case, in the order in which they are presented in the motion for a new trial are: (1) The damages awarded are excessive, (2) the verdict of the

jury is not sustained by sufficient evidence, (3) the verdict of the jury is contrary to law, (4) the court erred in giving and refusing to give certain instructions.

It is very earnestly insisted that the damages awarded are excessive. The evidence of appellee is that she was arrested and roughly treated in a public business house in the city of Indianapolis, and subjected to public humiliation before a large crowd, which, because of her age and the surrounding circumstances gave her a nervous shock which resulted in her complete loss of health. It is also in evidence that the policeman refused to take her to her daughter and other friends nearby, but insisted upon taking her along the public streets to the station house, where she was subjected to the humiliation of examination by an officer. Under such evidence of injury, resulting in loss of health, as well as the humiliation and disgrace, the return of a verdict of $3,000 does not show that the jury acted from prejudice, partiality or corruption, and until it is shown that the jury so acted, a cause will not be reversed under numerous decisions of both this court and the Supreme Court. *Efroymson* v. *Smith* (1902), 29 Ind. App. 451, 456, 63 N. E. 328; *Southern Ind. Gas Co.* v. *Tyner* (1912), 49 Ind. App. 475, 97 N. E. 580; *Louisville, etc., R. Co.* v. *Kemper* (1899), 153 Ind. 618, 53 N. E. 931; *Cleveland, etc., R. Co.* v. *Harrison* (1912), 178 Ind. 324, 329, 98 N. E. 729; *Terre Haute, etc., Traction Co.* v. *Maberry* (1913), 52 Ind. App. 114, 100 N. E. 401.

It is next urged that the verdict is not sustained by sufficient evidence. Appellant Bernice Ganter was at the time of the arrest in the employment of appellant L. S. Ayres & Company as a private detective, and it was her duty to guard and protect its property from theft, and to report to the company or to the city detectives when any acts of larceny were committed. Bernice Ganter was in the line of her duty in endeavoring to protect the property of her employer from theft, in following

the supposed thief carrying away her employer's property and procuring her arrest away from appellant L. S. Ayres & Company's place of business, as the facts in this case show. Therefore, the point urged and the authorities cited by appellants to sustain the proposition that the master is not liable for acts done by the servant while acting without the scope of his employment, have no application to this case, as the facts show she was acting within the scope of her employment. The case of *Mali* v. *Lord* (1868), 39 N. Y. 381, 100 Am. Dec. 448, upon which appellants seem to rely has not been followed in this State, but has been expressly criticised in the case of *Dickson* v. *Waldron* (1893), 135 Ind. 507, 523, 34 N. E. 506, 35 N. E. 1, 24 L. R. A. 483, 41 Am. St. 440, where the court said: "In the first of these cases [referring to the case of *Mali* v. *Lord, supra*] it seems to be held by the court that a clerk or superintendent of a store has not, by virtue of such employment, authority 'to arrest, detain, and search any one suspected of having stolen and secreted about his person any of the goods kept in such store.' We think this can not be the law. It is not in harmony with the weight of authority, nor with sound reason." The theory of appellee that the master is liable for the acts of the servant, if within the line of his duty, wherever committed, is well supported by authority, the test being, Was the act committed by the servant within the scope of her employment? Therefore, the act of Bernice Ganter when directing the attention of the policeman to a person whom she believed had committed the crime in question, even though said person was not actually on the premises of appellant L. S. Ayres & Company, and the arrest of appellee by the officer pursuant to said information, though not on the premises of said appellant, is well within the rule making appellants liable. *Fogarty* v. *Wanamaker* (1901), 69 N. Y. Supp. 883, 60 App. Div. 433, and authorities cited; *Holloway* v. *Kent* (1914), 122 N. Y. Supp. 684, 67 Misc.

Rep. 440; *Field* v. *Kane* (1901), 99 Ill. App. 1; *Vrchotka* v. *Rothschild* (1902), 100 Ill. App. 268.

It is next insisted that the verdict of the jury is contrary to law. The servant in this instance was expressly authorized and employed as a detective to prevent thefts being committed, and to protect the master's property from being stolen, so that in directing the policeman to the suspected person, she was not outside the scope of her employment. It is held in *Dickson* v. *Waldron, supra,* and *Evansville, etc., R. Co.* v. *McKee* (1885), 99 Ind. 519, 50 Am. Rep. 102, in effect that the master was liable if the arrest was wrongfully procured by the servant while acting in the line of his employment, even though he violated the positive instructions of the master. In the latter case the following language is used: "The liability of the principal is not affected by the fact that the tort was wilfully committed, for it is now firmly settled that whether the wrong results from negligence or is the product of wilfulness, the principal is responsible if it was committed within the line of the agent's duty." (Citing numerous authorities.) To the same effect are the cases of *Eichengreen* v. *Louisville, etc., R. Co.* (1896), 96 Tenn. 229, 34 S. W. 219, 31 L. R. A. 702, 54 Am. Rep. 833; *Field* v. *Kane, supra; Dickson* v. *Waldron, supra; Efroymson* v. *Smith, supra.* So that we conclude from the great weight of authority that the verdict is not contrary to law. *Evansville, etc., R. Co.* v. *Baum* (1866), 26 Ind. 70; *Evansville, etc., R. Co.* v. *McKee, supra; Dickson* v. *Waldron, supra; Pennsylvania Co.* v. *Weddle* (1885), 100 Ind. 138; *American Express Co.* v. *Patterson* (1881), 73 Ind. 430; *Lake Shore, etc., R. Co.* v. *Foster* (1885), 104 Ind. 293, 4 N. E. 20, 54 Am. Rep. 319.

It is next urged that the court erred in giving on its own motion instructions Nos. 7 and 11, and in refusing to give instructions Nos. 1 and 2 tendered by appellant. Instruction No. 7 given by the court on its own mo-

tion reads as follows: "In reference to the defendant, L. S. Ayres & Company, a corporation, I charge you the law to be: That corporations are liable for the torts of their agents and employes, when such torts are committed while such agents or employes are acting within the scope of their employment. Hence, if you find from a fair preponderance of the evidence in this cause that Bernice Ganter was in the employ of L. S. Ayres & Company as a detective or employe and among her duties were those of detecting and apprehending persons who might be in their store purloining, stealing or unlawfully carrying away goods from its store, then I charge you that in order to make L. S. Ayres & Company liable for the wrongs charged in the complaint in this cause, if you find from a fair preponderance of the evidence any wrong was committed on the plaintiff by the defendant Bernice Ganter, you must find from a fair preponderance of all the evidence that when she committed such wrong or tort against the plaintiff she was acting within the scope of her employment by L. S. Ayres & Company. And if you find from a fair preponderance of the evidence that while she was acting within the scope of her employment by L. S. Ayres & Company she aided, assisted or procured the false arrest and imprisonment of the plaintiff, then the defendant L. S. Ayres & Company would be liable in this action, for the proprietors of a public store who invite the public to become their patrons are bound under the law to protect such patrons from injury while visiting or trading within the store, and to protect them from any torts or wrongs by their agents or employes." A portion of this instruction when separated from the context, as an abstract proposition of law is subject to criticism, namely the following—"for the proprietors of a public store who invite the public to become their patrons are bound under the law to protect such patrons from injury while visiting or trading within the store, and to protect them from any torts or wrongs by their agents or employes."

It would have been more aptly expressed had it been stated that the proprietor of the store would be liable for the acts of the servant with respect to the facts stated in the instruction, if found to be true, which is the real meaning of the language, as it is clear that the court in giving the instruction in question intended to confine it to the facts therein stated, and when so confined, the error occurring, if any, was harmless. This principle is fully supported in the case of *Louisville, etc., R. Co.* v. *Kelly* (1884), 92 Ind. 371, 47 Am. Rep. 149. In speaking of an instruction somewhat similar to the one here being considered, Elliott, J., speaking for the court in the above case said at page 374: ''An instruction stating in general terms that the carrier's duty is to carry safely could not have misled the jury in the present case, if, indeed, it could be said that such an instruction could have that effect in any. If the defendant had desired a more complete instruction upon this point, it would no doubt have been entitled to it, but as the instruction given purports to be a statement of a general rule, and is correct as far as it goes, and as no request was made to instruct more specifically upon this point, there is no such error as will warrant a reversal.'' We feel clear that

5. in view of the law as it is, there was no harmful error committed in the giving of the instruction, as the master is as a general rule liable, and the exception need not in all cases be set out, and this is especially true where the facts set out, if proven, show a liability. We think the case of *Louisville, etc., R. Co.* v. *Kelly, supra,* sustains the above holding, but in this connection we also call attention to the cases of *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 103 N. E. 802, and *Burford* v. *Dautrich* (1914), 55 Ind. App. 384, 103 N. E. 953, 956, which sustain this holding. See also, *Louisville, etc., R. Co.* v. *Jones* (1887), 108 Ind. 551, 9 N. E. 476; *Evansville, etc., R. Co.* v. *Darting* (1893), 6 Ind. App. 375, 33 N. E. 636.

Appellants also complain of the giving of instruction No.

11    by the court on its own motion.    This instruction reads
as follows:    "If you find for the plaintiff in this ac-
6.    tion against either one or all of the defendants, in
considering the amount you will award her you may
consider among other facts, her mental suffering, if any, also
her sense of shame and humiliation, wrongful acts, if any,
committed against the plaintiff and award her such damages
as is shown by a fair preponderance of all the evidence, not
exceeding the amount demanded in plaintiff's complaint."
It is insisted that the instruction could be construed to war-
rant the jury in believing it was authorized to assess puni-
tive damages.    The instruction is not perfect, but it is not
susceptible to the construction given it by appellants.

The failure of the court to give instructions Nos. 1 and 2
tendered by appellants can not be held to be erroneous.    In
so far as they state the law correctly, they were cov-
7.    ered by other instructions given.    There is no error
in the record which warrants a reversal of the judg-
ment.    Judgment affirmed.

NOTE.—Reported in 104 N. E. 315.  See, also, under (1) 19 Cyc.
371;  (2, 3) 19 Cyc. 327;  (4, 6) 19 Cyc. 374;  (5) 26 Cyc. 1578;  (7)
38 Cyc. 1711.