## MONTGOMERY WARD & COMPANY *v.* FOGLE.

[No. 27,883.   Filed October 8, 1943.]

*Van Atta, Batton & Harker,* of Marion (*William H. Bales,* of Muncie, of counsel), for appellant.

*Clarence E. Benadum* and *Archie Lapin,* both of Muncie, for appellee.

FANSLER, J.—The appellee was the plaintiff below. It is alleged in the complaint that in December, 1938, she went into the defendant's store at Marion, Indiana; that she remained a few minutes and made no purchases; that after she had departed from the store and walked a distance of three blocks, and while she was on the sidewalk of the public street, the defendant, through its agent and employee, who was one of its clerks and who was then acting within the scope of his employment, followed the plaintiff, and, without any legal writ or warrant, illegally arrested her against her will; and with great force and violence, and in the presence of many people, took hold of her with his hands and held her for a period of one hour; and that while holding and threatening her he charged her in loud and boisterous language with having stolen and carried away goods, wares, and merchandise from the defendant's store; and that while then and there detaining her and depriving her of her liberty he searched her packages, purses, handbags, and clothing, causing her great shame, disgrace, loss of honor and good name, and thereafter causing her great mental and nervous shock and much physical and mental pain and suffering. There was an answer in general denial, a trial by jury, and judgment of $1,600 for the plaintiff.

Error is assigned upon the overruling of appellant's motion for a new trial.

But two contentions are pressed in argument.

The first is that the conduct of the appellant's clerk does not constitute false imprisonment. It is true that the complaint alleges that the clerk "arrested" plaintiff and "detained" her and "deprived her of her liberty." But the facts upon which these conclusions are based were fully stated. It was not charged that she was locked up or placed in jail, but it seems amply clear that an actionable wrong was perpetrated upon her. There was evidence that the appellant's employee took hold of her arm and violently took possession of her packages; that he charged her with the theft of merchandise and searched her belongings on the public street and in the presence of many persons. There is evidence of injury as alleged. Whether the injury complained of can be properly characterized as false imprisonment seems immaterial. The complaint alleges facts which if proved entitle the plaintiff to damages.

It is also contended that the acts of the appellant's employee were not within the scope of his employment. Whether the acts were within the implied and ordinary powers of a sales clerk in a retail store we need not consider, since there was evidence that the manager of the store said that the clerk had no right to stop the plaintiff in the store, but that: ". . . he had the right if he seen anybody taking anything to follow them and take the goods away from them, that is what his clerks was for." This was sufficient basis for an inference by the jury that the defendant expected its clerks to follow persons suspected of shoplifting and take the property away from them if found. That was the purpose of the clerk in following and searching the plaintiff. He was upon his master's business, and not upon any private business of his own.

It is also asserted that the damages assessed are excessive. The details of the evidence as to the injury are what might have been expected. In *Efroymson et al.* v. *Smith* (1902), 29 Ind. App. 451, 63 N. E. 328, a similar case, damages of $1,200 were held to be not so great as to induce the belief that the jury acted from prejudice, partiality, or corruption, and it is felt that the same can be said of the case at bar.

We find no error.

Judgment affirmed.

NOTE.—Reported in 50 N. E. (2d) 871.