BOARD OF COMMISSIONERS OF FOUNTAIN COUNTY *v.* MARR.

[No. 2,706. Filed June 27, 1899.]

SCHOOLS.—*Truant Officer.*—*Compensation.*—A truant officer, under the provisions of the act of 1897 (Acts 1897 p. 248), is entitled to compensation at the rate of $2 per day for each day of actual service, and is not limited to the twelve weeks provided in the act for compulsory attendance at school.

From the Fountain Circuit Court. *Affirmed.*

*D. W. Simms* and *L. Nebeker*, for appellant.

*C. M. McCabe*, for appellee.

BLACK, J.—In an action brought by the appellee against the appellant the court rendered a special finding, in which it appears that the appellee was duly appointed as truant officer for a specified district in Fountain county on the 28th of August, 1897, and he accepted the office, and entered upon the discharge of the duties thereof; that the public schools in a certain city in his district commenced on the 6th of September, 1897, and the schools in the township in his district commenced on the 18th and 27th of the same month; that in the discharge of the duties of his office, and upon the report of the teachers of the public schools of his district, the appellee visited the families of certain persons residing in the district, who were the custodians, as parents or guardians, of school children within the district, and urged their attendance, and made reports of his duties to the county superintendent and the superintendent of the city schools of said city; that in the discharge of these duties he was occupied sixty-nine days in actual service prior to December 1, 1897, the day on which he filed his claim involved in this suit; that at the date last mentioned more than three months of the current school year, both in the city schools, and in the township schools under his supervision, yet remained to be held and taught; and that said schools would continue during the current year more than three months from the date of the filing of his claim. It was found that he had recived from the county $80 upon his claim for said services. The court concluded that he was entitled to the additional sum of $58.

The statute under which appellee held his office provided that such officers should receive from the county treasury $2 for each day of actual service (Acts of 1897, p. 248-250, section 4, section 4541d Horner 1897), and there is no dispute before us as to the amount awarded, if the appellee was entitled to recover any amount; but it is contended that the

duties of the truant officer did not and could not begin until the commencement of the last twelve weeks of the current school year, and that in no event could he properly charge for services for a greater number of days than were included in such period of twelve weeks. This assumption proceeds upon the reason that the statute of 1897 provided that twelve weeks should be the minimum period of compulsory attendance at school. To this suggestion of counsel we cannot accede. The statute provided that the truant officer should serve one year from the date of his appointment, unless sooner discharged by the authority from which he held his appointment, and, as above stated, should be paid for each day of actual service. It was made his duty to see that the provisions of the statute under which he was appointed were complied with, and therefore to see that all parents, guardians, and others having control of children of the prescribed age were required to send them to school for at least twelve consecutive weeks in the school year. When from his own knowledge, or by report or complaint from any resident of the township or townships under his supervision, he believed that any child subject to the provisions of the statute was habitually absent from school, it was the truant officer's duty to give written notice to the parent, guardian, or custodian of the child that its attendance at school was required. The statute also contained a provision relating to the making of complaint in court by the truant officer against delinquents so notified for violation of the provisions of the statute. There was a provision for the furnishing of books and clothing, with which to attend school, to the poor. Provision was made in the statute for the maintenance of a "parental home," for incorrigible and truant children, and for their compulsory attendance therein for an indeterminate period, under certain specified conditions, including the consent of the person having charge of such a child, and for an indeterminate time not longer than one hundred and twenty days under certain other conditions.

Although the statute provided that the parents, guardians, or other persons having control or charge of children should be absolutely required only to send them to school at least twelve consecutive weeks in the school year, yet the duties of the truant officer, including the duty to seé that the provisions of the statute generally were complied with, continued throughout the year; and if they did not relate to all school children who at any time during the year were absentees, without the consent of their parents or because of poverty, as to which we do not decide, they did relate, it would seem, to all school children who at any period of the school year had not yet attended school for the prescribed period in that school year.

In the case before us, the appellee, it was found, had actually rendered official service as truant officer for a certain number of days within the period during which the statute provided that he should serve as such officer. He was entitled to payment for such actual service at the rate of $2 per day. Judgment affirmed.