## RUTHERFORD, ADMINISTRATOR, *v.* PRUDENTIAL INSURANCE COMPANY.

[No. 5,057. Filed February 16, 1904.]

APPEAL AND ERROR.—*Transcript.*—*Precipe.*—The provision of the act of 1903 (Acts 1903, p. 338) that "any party or person desiring a transcript of the record of any cause or proceeding, or any part thereof, for appeal, may file with the clerk a written precipe therefor" is directory only, and does not repeal §661 Burns 1901, which provides that where an appealing party desires only a partial record he is required to fill a precipe therefor which shall be appended to the transcript; and where it affirmatively appears that the record contained a transcript of all the proceedings a precipe is unnecessary.

From Perry Circuit Court; *C. W. Cook,* Judge.

Action by Henry Rutherford, administrator, against the Prudential Insurance Company. From a judgment in favor of defendant, plaintiff appeals. *Motion to dismiss appeal overruled.*

*W. A. Land* and *W. M. Waldschmidt,* for appellant.

*G. J. Lindeman, J. T. Patrick* and *O. C. Minor,* for appellee.

WILEY, P. J.—Appellee has interposed a motion to dismiss the appeal upon the ground that "no precipe is incorporated in the transcript." This motion is predicated upon the act of March 9, 1903 (Acts 1903, p. 338), "concerning proceedings in civil procedure." Section 7 of that act, among other things, provides: "Any party or person desiring a transcript of the record of any cause or proceeding, or of any part thereof, for appeal, may file with the clerk a written precipe therefor. If such party or person desires a transcript of the entire record, it shall be sufficient so to state in the precipe; if a complete transcript be not desired, then such party or person shall indicate in the precipe the parts of the record desired. And in the event

that any other party to the judgment shall desire a complete transcript of the record upon such appeal, or that any part or parts of the record not required by the precipe so filed shall be included in the transcript, he may file with the clerk the precipe in like form. Such precipe shall constitue a part of the record.   *   *   *   The precipes shall be copied in the transcript immediately before the certificate of the clerk."

Counsel for appellee assume that this statute is mandatory, and that the appealing party, whether he requires a partial or complete record, must so indicate by a precipe, and such precipe must be filed as a part of the record. Under §661 Burns 1901, where an appealing party desires only a partial record, he is required to designate in writing the particular parts of the record to be certified, and such written directions shall be appended to the transcript. This provision of the statute is mandatory. In such case the clerk, in his certificate, should specify what parts of the record he has copied. *Reid* v. *Houston,* 49 Ind. 181.

If it does not appear that any precipe was filed, it is the duty of the clerk to make out and certify a complete transcript of the cause. *Barnes* v. *Pelham,* 18 Ind. App. 166.

The act of March 9, *supra,* did not repeal §661, *supra.* It will be observed from the quotation above from §7 of the act of 1903 that the language is *"may file* with the clerk a written precipe therefor." This can not be construed as being mandatory, as applied to a complete transcript of the proceedings to be used on appeal. Under this statute, if a precipe is filed, whether for a complete or partial transcript of the proceedings below, such precipe would become a part of the record, and should be copied in the transcript as directed.

In this appeal there were no written directions to the clerk to make and certify a transcript of the proceedings

below, and none were required. The transcript was evidently prepared according to the provisions of §661, *supra*. It affirmatively appears, both from the record itself, and the certificate of the clerk, that it contains a transcript of all the pleadings, the rulings thereon, the judgment, etc. This is sufficient.

Motion to dismiss overruled.