## FEATHERNGILL *v.* STATE, EX REL. WRIGHT.

[No. 5,034. Filed October 25, 1904.]

APPEAL.—*Precipe.—Transcript.—Record.*—The failure of a transcript to disclose the filing of a precipe will not render the same defective; since it was the duty of the clerk, where there was no written precipe directing him to certify a portion of the record, to make a complete transcript of the proceeding. *p. 685.*

OFFICERS.—*Truant Officer.—Oath.*—A truant officer, under §6033b Burns 1901, is a public officer, and must qualify as provided by §7533 Burns 1901, before assuming the duties of the office. *pp. 685, 686.*

SAME.—*Truant Officer.—Appointment.*—The provision of §6033b Burns 1901, that the appointment of truant officers shall be made on the first Mon-

day in May is directory, and does not preclude a subsequent appointment.  *p. 686.*

OFFICERS. —*Truant Officer.* — *Tenure.* —Where one was duly appointed county truant officer, he was entitled to hold his office until the first Monday of the succeeding May, and until his successor was appointed and qualified.  *p. 686.*

From Johnson Circuit Court; *Marshall Hacker,* Special Judge.

Action by the State of Indiana, on the relation of Everett Wright, against Thomas Featherngill.  From a judgment for relator, defendant appeals.  *Reversed.*

*Will Featherngill, R. M. Miller* and *H. C. Barnett,* for appellant.

*W. E. Deupree* and *L. E. Slack,* for appellee.

ROBY, J.—Action by the State of Indiana, on the relation of Everett Wright v. Thomas Featherngill.

The complaint is in one paragraph.  Its averments, in substance, are that appellant was duly appointed truant officer of Johnson county, and took possession of and continued to perform the duties of said office; that on May 6, 1901, the board of truancy of said county met and proceeded to appoint a truant officer for said county; that no appointment was made, and said meeting adjourned; "that on the 3d day of June, 1901, a majority of the county board of education, being a majority of the township trustees and presidents of the school trustees of the incorporated cities and towns of said county constituting said board of education, met as a board of truancy, and proceeded to elect by ballot a truant officer for said county; that the appellee herein received a majority of all votes taken or cast, and was then and there duly and legally elected truant officer in and for said Johnson county; that appellant, since said 3d day of June, 1901, has illegally and wrongfully held said office, and is illegally performing the duties thereof; that appellee is entitled to perform the duties of said office and to receive the salary therefor, and demands judgment for the same."

A demurrer for want of facts was overruled, and exception reserved, and error assigned upon such ruling. The issue was formed by a general denial, trial and finding for the relator, and it was adjudged that appellant be ousted and removed from said office, and that he be prohibited from further exercising and performing the duties thereof, and that appellee recover costs.

Appellee makes the point that the transcript does not disclose that any precipe was filed, and that, in its absence, there is nothing for our consideration. If there was no written precipe directing the clerk to certify a portion of the record, it was his duty to make a complete transcript of the proceedings. §661 Burns 1901; *Chicago, etc., R. Co.* v. *Cunningham,* 33 Ind. App. 145; *Barnes* v. *Pelham,* 18 Ind. App. 166. This was the law prior to the act of March 9, 1903, and was not changed thereby. Acts 1903, p. 338; *Rutherford* v. *Prudential Ins. Co.,* 32 Ind. App. 423.

Section two of "an act concerning the education of children," approved March 11, 1901 (Acts 1901, p. 470, §6033b Burns 1901), contains a provision under which such officer is appointed. It is as follows: "The county board of education of each county shall constitute a board of truancy whose duty it shall be to appoint on the first Monday in May of each year one truant officer in each county." By section four his compensation is fixed at $2 for each day of actual service. *Board, etc.,* v. *Marr,* 22 Ind. App. 539. Following that part of section two above quoted, and carried into section three, his duties are specified. The power conferred upon him, while it is confined within narrow limits, is a part of the power possessed by the State and inherent to sovereignty. His duties are not a matter of contract. The position carries with it a salary. The tenure is fixed and certain. The term "officer" is applied to him in the act, and he must be regarded, as he evidently was by the legislature, as a public officer. Mechem,

Pub. Officers, chap. 1. It is therefore incumbent upon the truant officer, before he enters upon his official duty, to take an oath to support the Constitution of the United States and the Constitution of the State of Indiana, and faithfully to discharge the duties of such office. §7533 Burns 1901.

The provision that the appointment shall be made on the first Monday in May is directory, and does not preclude a subsequent appointment. The selection of a county superintendent is made under a statute in this respect identical with the one under consideration, and the proposition stated announced after careful consideration. *Wampler* v. *State, ex rel.,* 148 Ind. 557, 38 L. R. A. 829. In that case, as in *State, ex rel.,* v. *Vanosdal,* 131 Ind. 388, 15 L..R. A. 832, the board met on the day fixed by statute, and adjourned from day to day thereafter, but the logic of the decision requires the recognition of an appointment made after the day designated by the statute, the board being lawfully called and acting, as it is presumed to have been. *State, ex rel.,* v. *Sutton,* 99 Ind. 300.

Treating the averments of the complaint as sufficient to show that the appellant was the duly appointed and acting truant officer prior to the date named, it follows that he was entitled to the office until May 6, 1901, and until his successor was appointed and qualified. *Baker* v. *Kirk,* 33 Ind. 517; *Wampler* v. *State, ex rel., supra; Kimberlin* v. *State, ex rel.,* 130 Ind. 120, 14 L. R. A. 858, 30 Am. St. 208; *State, ex rel.,* v. *Bogard,* 128 Ind. 480.

Had the relator, after his appointment, performed the duties of the office without having taken and subscribed the oath prescribed by law, he would have been guilty of a criminal offense. §2131 Burns 1901. In order to entitle himself to office, it was necessary for him to qualify as required by the statute. *Minnick* v. *State,* 154 Ind. 379; *Steinback* v. *State, ex rel.,* 38 Ind. 483, 488. It was not alleged that he had done so, and facts are not stated from

which the deduction can be made. The averments that appellant wrongfully and illegally holds the office and appellee is entitled thereto are legal conclusions. The demurrer to the complaint should have been sustained.

The judgment is reversed, and cause remanded for further proceedings not inconsistent herewith.