# ABNEY v. INDIANA UNION TRACTION COMPANY.

[No. 6,012. Filed January 15, 1908.]

1. TRIAL.—*Instructions.—Applicability of, to Evidence.—Appeal.*—Under §691 Burns 1908, §650 R. S. 1881, as well as in the absence of a statute, the courts, on appeal, where the evidence is not in the record, will consider that the instructions given in a case were applicable to the evidence produced. p. 54.

2. SAME.—*Instructions.—Evidence.—Appeal.*—Under the act of 1903 (Acts 1903, p. 338, §§4-6, §§664-666 Burns 1908) parties may appeal by including only that portion of the evidence that illustrates the ruling of the trial court, such act being remedial. Roby, J., concurring. pp. 55, 59.

3. APPEAL.—*Harmful Error.—Reversal.*—A substantial error is ground for reversal, unless shown to be harmless, or cured by the court. p. 56.

4. SAME.—*Bills of Exceptions.—Settling.*—It is the duty of the trial judge to settle bills of exceptions; and his motive should be to have such bills state the facts. p. 56.

5. SAME.—*Errors.—When Harmful.*—Whether an alleged error is harmless must be determined from the facts of the particular case. p. 57.

6. SAME.—*Precipe.—Absence of.*—Where there is no precipe, or one not calling for a specific part of the record, it is the duty of the clerk to certify a complete transcript. p. 57.

7. TRIAL.—*Instructions. — Negligence.—Contributory.—Proximate Cause.*—Instructions, in a personal injury case, stating that if the plaintiff was guilty of contributory negligence he cannot recover, are erroneous, since such negligence, to defeat plaintiff, must be a proximate cause of the injury. p. 58.

8. SAME.—*Instructions.—Contributory Negligence.—Carriers.*—An instruction, in a personal injury case, that if the plaintiff, a passenger on an interurban railroad, was guilty of any act that contributed to his injury, he cannot recover, is fatally erroneous under any view of the evidence admissible in the case. pp. 58, 61.

9. SAME.—*Instructions.—How Considered.*—Instructions in a case must be considered as a whole; and a judgment should not be reversed, where an error in one of them is not misleading. p. 58.

10. SAME. — *Instructions. — Curing. — Contributory Negligence. — Carriers.*—An instruction, in a personal injury case, that if the passenger was guilty of any act contributing to his injury, he cannot recover, is not cured by an instruction that if the evidence as to the proximate cause of the injury is evenly balanced, the verdict should be for the defendant, since it leaves in doubt

the party on whom rests the burden to prove contributory negligence.   p. 58.

11.   TRIAL.—*Instructions.*—*Curing.*—Erroneous instructions may be cured only by their withdrawal.   p. 58.

12.   SAME. — *Instructions.*—*Evidence.*—*Statutes.*—Where the instructions, but not the evidence, are contained in the record, and one of such instructions is bad under any evidence admissible within the issues, the judgment will be reversed, whether the appeal was perfected under the act of 1903 (Acts 1903, p. 338, §§4-6, §§664-666 Burns 1908), or under §691 Burns 1908, §650 R. S. 1881.   p. 59.

From Howard Circuit Court; *James F. Elliott,* Judge.

Action by Sylvester Abney against the Indiana Union Traction Company.   From a judgment for defendant, plaintiff appeals.   *Reversed.*

*Overson & Manning* and *B. C. Moon,* for appellant.

*J. A. VanOsdol* and *Blacklidge, Shirley & Wolf,* for appellee.

COMSTOCK, J.—Appellant brought this action against appellee to recover damages for personal injury alleged to have been sustained in attempting to board one of appellee's interurban cars in the city of Kokomo, and alleging that the appellee was negligent in starting said car while appellant was in the act of boarding it.   Appellant answered by general denial.   Upon trial by jury a verdict for the appellee was returned, and judgment rendered thereon in its favor for costs.   Appellant's motion for a new trial was overruled. The only question attempted to be presented by appellant arises upon the correctness of certain instructions given and others refused.   No part of the evidence is in the record.

In behalf of appellee it is argued that no question is presented because the evidence is not in the record.   The court certifies that all said instructions requested by the 1.   plaintiff, and all said instructions requested by the defendant, are applicable to the evidence given upon the trial of said cause, and tended to sustain the theory of

the respective parties to said suit. It is claimed by appellant that the record is properly made up under the last clause of §691 Burns 1908, §650 R. S. 1881. Elliott, App. Proc., §193; *Shirk* v. *Mitchell* (1894), 137 Ind. 185; *Lynch* v. *Bates* (1894), 139 Ind. 206. Said clause of §691, *supra,* provides: "That when, in any case an appeal is prosecuted upon the question of the correctness of the instructions given or refused, or the modification thereof, it shall not be necessary to set out in the record all the evidence given in the cause, but it shall be sufficient in the bill of exceptions to set out the instructions or modifications excepted to, with a recital of the fact that the same were applicable to the evidence in the cause." The Supreme Court has decided that it makes no change concerning a necessity to have the evidence in the record, by the proviso of said section, on exceptions to instructions given. This, upon the ground that an appellate court will presume, unless the contrary appears, that there was evidence to which the instructions given were applicable, and that, when the evidence is not in the record, a judgment will not be reversed for an instruction given which would be proper under any state of facts provable under the issues. *Adams* v. *Vanderbeck* (1897), 148 Ind. 92, 62 Am. St. 497; *Drinkout* v. *Eagle Machine Works* (1883), 90 Ind. 423; *Rozell* v. *City of Anderson* (1883), 91 Ind. 591; *Shugart* v. *Miles* (1890), 125 Ind. 445; *Kinney* v. *Dodge* (1885), 101 Ind. 573; 2 Thornton, Civil Code, §457, cl. 5.

In a later act the legislature has relieved parties litigant from the burden of bringing up the evidence. Section four of said act (Acts 1903, p. 338, §664 Burns 1908) pro-

2.   vides that "it shall not be necessary for the bill of exceptions to contain all of the evidence given in the cause or proceeding, unless the decision of the court, or the verdict of the jury, shall be called in question as being contrary to law, or not sustained by sufficient evidence." Section five of said act (§665 Burns 1908) provides: "That

in all other civil actions,  *  *  *  the bill of exceptions shall be sufficient, if it contains a clear statement of the ruling or matter called in question, together with a succinct recital of the substance of such part of the evidence and proceedings as shall be necessary to advise the supreme court or appellate court, as the case may be, of the pertinency or materiality of the matters sought to be reviewed on the appeal." Section six of said act (§666 Burns 1908) provides: "That unless the bill of exceptions shall contain matter showing that the order, ruling, action, decision or matter called in question was harmless to the party appealing, or that the error, if any, was cured or corrected by the trial court, the bill of exceptions prepared as herein provided shall be sufficient to bring the matter thereby presented before the court for review in as ample form as though such bill of exceptions contained all of the evidence and all the proceedings upon the trial." This act is remedial. It intends to simplify procedure; to lighten the burdens of litigants without injustice to any one. And what was said of §691, supra, may, with equal force, be said of the act of 1903, supra. "The object of the statute is clear, for it cannot be doubted that it was intended to enable parties to present questions upon instructions without cumbering the record with a mass of evidence." Elliott, App. Proc., §193.

The appellant, therefore, who shows by a proper bill of exceptions that substantial error was committed against him, is entitled to reversal, unless it is also made to appear that such error was harmless or was cured or corrected by the trial court. It is thus within the power of the parties to present in an inexpensive form the exact question of law upon which the judgment of the court of appeal is desired. The settling of the bill of exceptions rests with the trial judge, who will not be actuated by any desire except to correct it and fairly state the facts involved. What effect the evidence, or any particular part of the evidence, may have, and what is necessary .

to render error shown harmless, must be determined in view of the particular facts of each case. *Cincinnati, etc., R. Co.* v. *Stahle* (1906), 37 Ind. App. 539; *Indiana Clay Co.* v. *Baltimore, etc., R. Co.* (1903), 31 Ind. App. 258; *Harrah* v. *State, ex rel.* (1906), 38 Ind. App. 495.

The absence of a precipe, authorizing the clerk to certify anything less than a complete transcript of the entire record, is pointed out. Where there is no precipe directing the clerk to certify a portion of the record, it is his duty to make a complete transcript. §690 Burns 1908, §649 R. S. 1881; *Featherngill* v. *State, ex rel.* (1904), 33 Ind. App. 683; *Rutherford* v. *Prudential Ins. Co.* (1904), 32 Ind. App. 423.

Appellant excepted to and complains of a number of the instructions given at the request of the defendant, but especially of instructions two, six, seven and twelve. They are as follows: "(2) If you find from the evidence in this case that the plaintiff was guilty of contributory negligence that resulted in his injury, then the plaintiff cannot, in such case, recover." In the sixth occurs this language: "And if such plaintiff was injured as alleged in the complaint, but you find he was guilty of contributory negligence in attempting to board the defendant's car while the same was in motion, and was injured thereby, then the plaintiff cannot recover. * * * Or if the plaintiff was guilty of any contributory negligence, and that fact is proved by the evidence of the plaintiff or his witnesses, that is just as effective as if proved by the defendant, and will defeat a recovery." (7) "If you find from the evidence in this case that the plaintiff was negligent in attempting to board the car and that the defendant was negligent in starting the car, in other words, if the plaintiff and defendant were both negligent, then, in such case, the plaintiff cannot recover in this case, and your verdict should be for the defendant." (12) "The defendant in this case is not an insurer of the safety of its passengers, either while riding, alighting from, or attempting to

get on board the defendant's cars, and if passengers are guilty of any act that contributes to their injury, that will defeat a recovery for such injury.'' The law makes a distinction between the proximate and remote cause of an injury.

Each of these instructions ignored the rule that, to be an effective defense, contributory negligence of the injured party must proximately contribute to his injury, but under said twelfth instruction any act of the plaintiff which contributed to his injury, whether negligent or not, would defeat his recovery. And for error in giving said instructions the judgment must be reversed. Said instruction was erroneous under any state of facts that could have been proven under the issues, because it laid down an improper basis upon which to found a verdict. It is the recognized rule, however, that all instructions given are to be considered together, and if, when so considered, they are not misleading, a judgment should not be reversed on account of error in one or more of them.

Upon this rule appellee claims that the error, if any, was cured by instruction eighteen given. It is as follows: ''If the evidence appears to you to be evenly balanced upon the question as to whether the injury suffered by the plaintiff was proximately caused by his own fault or that of the defendant, then your verdict should be for the defendant, since the plaintiff has the burden of proving that he was injured in the manner charged in the complaint, and that such injury resulted proximately from the wrongful or careless act or omission of the defendant, described in the complaint.'' This instruction does not correct the fault in the instructions named, for it leaves the burden of proof upon the question of the contributory negligence of the plaintiff, in doubt. It has often been said that an erroneous instruction is presumed to be prejudicial, and the error is only cured by its withdrawal. This was not done in the case at bar, nor were the instruc-

tions attacked modified by others subsequently given, either in direct terms. or by reference. The instructions given being wrong under any supposable state of evidence that could have been adduced, the judgment must be reversed, in the absence of the evidence, even if the act of 1903, *supra,* did not apply. Other questions discussed may not arise upon a second trial of the cause, and are therefore not considered.

Judgment reversed, and cause remanded, with instructions to sustain appellant's motion for a new trial.

## Concurring Opinion.

Roby, C. J.—I concur fully in the opinion so far as it relates to the act of March 9, 1903 (Acts 1903, p. 338), "concerning proceedings in civil procedure." The conditions which led to the passage of this act are matters of common knowledge.

The State Bar Association of Indiana at its 1902 meeting declared that "our statutes relating to appeals to the Supreme and Appellate Courts need many amendments for the purpose of simplifying the practice and reaching the merits of a cause on appeal, which object, under the present practice, is often frustrated by useless technicalities," and a committee of five was appointed for the purpose of preparing and submitting bills upon the subject to the next General Assembly. Proceedings State Bar Assn. of Ind., 1902, p. 71. That committee prepared and presented to the Sixty-third General Assembly a bill for the act of March 9, 1903. It thus appears that legislative aid was invoked by the bar of the State for the purpose of rescuing the courts from the system of procedure which they had created and from which they were either unable or unwilling to extricate themselves. It does not need to be said that the act "is in furtherance of justice—it is remedial; it tends to simplify procedure; it lightens the burden of litigants without injustice to any one,

and, when properly followed, questions may be presented to this court unclouded by a mass of useless verbiage, and unobscured by voluminous matters of immaterial evidence.'' *Shugart* v. *Miles* (1890), 125 Ind. 445, 449. The act is a remedial one, and must·be liberally construed to effectuate the plain legislative intent. *Mercer* v. *Corbin* (1889), 117 Ind. 450, 3 L. R. A. 221, 10 Am. St. 76; *Jones* v. *Foley* (1889), 121 Ind. 180; *Shugart* v. *Miles, supra.*

The statute requires a succinct recital of the substance of such part of the evidence and proceedings as may be necessary to advise the court of appeal of the pertinency or materiality of the matters sought to be reviewed. ''It is not for the court, in   *   *   *   framing instructions, to determine the probative force of evidence. If the evidence is material, relevant and competent, it is for the jury, and instructions bearing upon the evidence, without respect to its weight or credibility, cannot be deemed irrelevant.'' *Union Mut. Life Ins. Co.* v. *Buchanan* (1885), 100 Ind. 63, 73. If there was evidence to which the instructions requested were relevant, they should have been given, and the refusal to give them would be error, unless, of course, the record shows that the same ground was covered by instructions given. Such error might or might not be reversible, but the first matter to be determined is whether evidence was introduced making the requested charge applicable to the case on trial. That fact is recited in the bill of exceptions. The form of recital might be improved upon, but it is sufficient to convey the necessary. information. Section 691 Burns 1908, §650 R. S. 1881, in terms requires a statement that the instruction was ''applicable to the evidence in the cause.'' Such fact is a competent one to be stated by the trial judge. *Kinney* v. *Dodge* (1885), 101 Ind. 573; *Geiger* v. *Huenneke* (1896), 16 Ind. App. 326; *Adams* v. *Vanderbeck* (1897),·148 Ind. 92, 62 Am. St. 497; *Jennings* v. *Bond* (1896), 14 Ind. App. 282, 292.

The same rules apply to an instruction given when an ex-

ception is shown.   The effect of section six of the act of 1903 (Acts 1903, p. 338, §666 Burns 1908) is to make such exception available without a complete transcript of the evidence.   In setting out bills of exceptions involving questions upon the giving of instructions, where the record is made up in accordance with this act, the trial judge should include such matter, if there be any, as may render an erroneous ruling harmless.   All instructions given are set out in the bill.   Since they are to be considered as a whole, and not in fragments, this is essential.   These considerations lead to the examination of the instructions given and refused, action in regard to which is stated as ground for a new trial.

I also concur in the reversal of the judgment, for the reason that the twelfth instruction is incurably bad, and I also concur in the statement of the main opinion relative to instruction eighteen.