## REED *v.* REED.

[No. 22,489.   Filed November 26, 1913.]

1. DIVORCE.—*Cruel Treatment.—Complaint.—Sufficiency.*—A complaint for divorce, on the ground of cruel and inhuman treatment, alleging that defendant was cross to plaintiff, called her names, commanded her to remain in her room and refused to allow her to see other persons, and in other ways made life miserable and unbearable to the extent that she could not live with defendant and have any peace of mind, though indefinite, is sufficient to withstand a demurrer for want of facts. p. 512.

2. APPEAL.—*Review.—Findings.—Evidence.*—The finding of the trial court will not be disturbed on the ground of insufficient evidence where there is some evidence fairly tending to support same. p. 512.

3. NEW TRIAL.—*Motion.—Questions Presented.*—The specification in a motion for new trial that the decision of the court is contrary to law raises such errors, occurring on the trial, as have been carried into the verdict or finding. p. 513.

4. APPEAL.—*Review.—Findings.*—The finding of the trial court is not contrary to law, where it is within the issues and supported by evidence, and no reversible error occurred on the trial. p. 513.

From Probate Court of Marion County; *Charles B. Clarke,* Special Judge.

Action by Elnora Reed against Clarence Reed. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*Franklin McCray* and *Stuart A. Coulter,* for appellant.

*Vincent G. Clifford, Adolph G. Emhardt* and *John W. Bowlus,* for appellee.

SPENCER, J.—This is an action for divorce tried by and appealed from the Probate Court of Marion County, in which a decree was granted to appellee.

The first five assignments of error presented by appellant may be disposed of by determining the sufficiency of the amended supplemental complaint to withstand the demur-

rer addressed thereto. We deem it unnecessary to set out here even the substance of the pleading. While it contains some surplusage, it sufficiently charges abandonment for two years and failure to make reasonable provision for appellee for a period of more than two years. It also contains a general charge of cruel and inhuman treatment, in which it is averred that appellant "was cross to her [appellee] and that he called her names, commanded her to remain in her room by herself and refused to allow her·to see any other parties and in other ways made life miserable and unbearable to that extent until she could not live with him and have any peace of mind." This charge is indefinite, but in the absence of a motion to make the complaint more specific it is sufficient to withstand a demurrer for want of facts and we so hold. *Baltimore, etc., R. Co.* v. *Slaughter* (1906), 167 Ind. 330, 79 N. E. 186, 7 L. R. A. (N. S.) 597, 119 Am. St. 503; *Frain* v. *Burgett* (1898), 152 Ind. 55, 50 N. E. 873, 52 N. E. 395; *Falley* v. *Gribling* (1891), 128 Ind. 110, 26 N. E. 794; *Barnes* v. *Barnes* (1892), 95 Cal. 171, 30 Pac. 298, 16 L. R. A. 660.

The sixth assignment of error, that the court erred in overruling appellant's motion for a new trial, presents the other questions urged. It is first contended that reversible error was committed in permitting appellee to amend her supplemental complaint after trial was commenced and all the evidence had been heard. In view of the conclusion reached herein we deem a consideration of this question unnecessary.

Appellant next insists that the finding and decision of the court is not sustained by sufficient evidence.

There is some evidence fairly tending to support the court's finding and the rule is too well settled to require authority that when such condition obtains it is not within the province of this court to weigh the evidence.

It is further contended that the trial court erred in the admission and exclusion of certain items of evidence. We

have carefully examined the record in this connection and fail to find any harmful error.

Appellant's remaining proposition is that the find-3. ing and decision of the court is contrary to law. This ground of the motion for a new trial raises such errors, occurring on the trial, as have been carried into the verdict or finding. *Cincinnati, etc., R. Co.* v. *Darling* (1891), 130 Ind. 376, 381, 30 N. E. 416; *Robinson Mach. Works* v. *Chandler* (1877), 56 Ind. 575, 583; *Berkey* v. *Rensberger* (1912), 49 Ind. App. 226, 230, 96 N. E. 32.

But our conclusions above stated dispose of the er-4. rors alleged to have occurred during the trial and as the finding of the court is within the issues and supported by evidence, we can not say that it is contrary to law. After a careful consideration of all the matters presented by appellant herein we have concluded that the judgment of the probate court is based on substantial justice, and the same is therefore affirmed.

NOTE.—Reported in 103 N. E. 324. See, also, under (1) 14 Cyc. 667; (2) 3 Cyc. 360; (3) 29 Cyc. 951, 966. As to desertion as ground for divorce, see 138 Am. St. 146. As to cruelty as ground for divorce, see 73 Am. Dec. 619; 65 Am. St. 69.