# Shirley Hill Coal Company *v.* Moore, Administrator.

[No. 22,182.   Filed January 7, 1914.   Rehearing denied
April 22, 1914.]

1. APPEAL.—*Transcript.—Necessity for Precipe.*—The fact that there was no precipe for a transcript to be used on appeal, or that it was not copied in the transcript, is not essential to the sufficiency of a transcript which bears a certificate of the clerk affirmatively showing that it is a transcript of all the proceedings below.  p. 515.

2. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.*—Actionable negligence is shown by a complaint in a servant's action for personal injuries which sufficiently charged a duty on the part of defendant to protect plaintiff from the injury complained of, defendant's failure to perform that duty, and an injury resulting from such failure.  p. 516.

3. APPEAL.—*Review.—Ruling on Demurrer to Complaint.*—There was no error in overruling a demurrer to a complaint which substantially stated a cause of action for negligence, though not stated with scientific accuracy.  p. 516.

4. APPEAL.—*Review.—Conflicting Evidence.—Verdict.*—Where there is some evidence to support the allegations of the complaint, a verdict for plaintiff cannot be disturbed on the evidence on appeal, although it may appear to be against the preponderance of the evidence.  p. 516.

5. APPEAL.—*Excessive Damages.—Review.*—In an action for a wrongful death, where the evidence showed that decedent was a married man, thirty-five years of age, in good health, and had a life expectancy of over thirty-one years, that he left a widow with five children, and that his earning capacity was $85 per month, a verdict awarding $8,000 damages cannot be deemed excessive, in the absence of a showing that the jury acted out of prejudice, partiality or corruption.  p. 517.

6. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.*—In an action for the death of a servant, an instruction that under the law it is the duty of an employer to furnish his servants a reasonably safe place in which to perform their work, and to take the proper precautions and use reasonable care to guard against injury to the servant, and if injury occur on account of his failure to discharge this duty, and without fault on the part of the employe, he will be liable, does not purport to cover the entire case and is not objectionable on the ground that it omits some ele-

ment essential to the case, but it merely defines the duty of the master to furnish a reasonably safe place in which to work and to use reasonable care to guard against injury to the servant, and is correct in view of other instructions given. p. 517.

7. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.—Negligence.—Ordinary Care.*—An instruction that negligence is the doing of a thing that a reasonably prudent person would not do under the circumstances surrounding him at the time, or it is the omission to do a thing that a reasonably prudent man would do under the circumstances, and that ordinary care is that degree of care which a person of ordinary prudence under the particular circumstances is presumed to exercise to avoid injury, and must be in proportion to the danger to be avoided and the fatal consequences that may result from neglect, properly defines negligence and ordinary care. p. 518.

8. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.—Duty to Provide Safe Place of Work.*—An instruction that the master's duty to use reasonable care to provide a reasonably safe place for his servants to work is a continuing one, and is not discharged by providing a safe place in the first instance and then remaining passive, and that he must supervise, examine and inspect as often as custom and experience require, and at all times use ordinary care to keep the working place of his servant in a reasonably safe condition, is not objectionable as making the master an insurer of the safety of his servant, but correctly charges him with the duty to exercise ordinary care at all times to keep the servant's working place in a reasonably safe condition. p. 518.

9. APPEAL.—*Review.—Refusal of Instructions.*—In an action for the death of a servant, an instruction "that the motorman and his helper were fellow servants of the decedent," was properly refused, since the question of whether they were fellow servants was one of fact for the determination of the jury under proper instructions. p. 519.

10. APPEAL.—*Questions Reviewable.—Motion for New Trial.—Verdict as Contrary to Law.*—The assignment in a motion for new trial, that the verdict is contrary to law, raises such errors occurring on the trial as have been carried into the verdict. p. 519.

From Greene Circuit Court; *Charles E. Henderson,* Judge.

Action by Andrew J. Moore, administrator of the estate of Frank Miller, deceased, against the Shirley Hill Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harris, Crane & Miller* and *McGregor & Harris*, for appellant.

*John A. Riddle* and *Henry Bordenet*, for appellee.

SPENCER, J.—This is a common law action by Andrew J. Moore, administrator of the estate of Frank Miller, deceased, to recover damages for the death of decedent alleged to have been caused by the negligence of appellant company in failing to furnish decedent with a reasonably safe place in which to work. Miller was killed by the falling of part of the roof of appellant's coal mine, in which he was employed as an electrician. He was thirty-five years of age, had an earning capacity of about $1,000 a year, and left a widow with five children. The jury returned a verdict for appellee with damages assessed at $8,000. Over a motion for a new trial, judgment was rendered on the verdict and from such judgment this appeal is prosecuted.

We are met at the threshold with a statement by appellee that "the transcript of the record presents nothing for the decision of this court" for the reason that no precipe

1. was issued to the clerk of the circuit court by appellant, directing him to prepare a transcript of the record in this cause to be used on appeal here; also, that there is no precipe copied in the transcript. The certificate of the clerk is as follows: "I, Clyde O. Yoho, clerk of the Greene Circuit Court, within and for said county and State, do hereby certify that the above and foregoing transcript contains full, true and correct copies or the originals of all papers and entries in said cause. Witness my hand," etc. The point made by appellee is not well taken. As was said by this court in *Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 515, 88 N. E. 932, "Where, as here, the certificate of the clerk affirmatively shows that it contains a transcript of all the proceedings below, it is sufficient without a precipe." See, also, *Rutherford* v. *Prudential Ins. Co.* (1904), 32 Ind. App. 423, 70 N. E. 177; *Abney* v.

*Indiana, etc., Traction Co.* (1908), 41 Ind. App. 53, 83 N. E. 387.

Appellant's first contention is that the court erred in overruling its demurrer for want of sufficient facts. The complaint is in one paragraph and is too long to set out here. It is enough to say that it sufficiently charges: (1) the existence of a duty on the part of appellant to protect appellee from the injury complained of; (2) a failure on the part of appellant to perform that duty; and (3) an injury resulting from such failure. And when these elements are charged, they together constitute actionable negligence. *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 88, 83 N. E. 632; *Faris* v. *Hoberg* (1893), 134 Ind. 269, 274, 33 N. E. 1028, 39 Am. St. 261. We adhere to and approve what was said in *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99: "However desirable it may be to the courts to secure pleadings that are scientifically accurate, we are not warranted in reversing judgments solely for such reason." And in view of the curative statutes cited in that case from our code of civil procedure, we determine that there was no error in overruling appellant's demurrer to the complaint.

It is next contended that the court erred in overruling the motion for a new trial. Twenty-six reasons are assigned in this motion but only the following are set out in appellant's brief: (1) The verdict is not sustained by sufficient evidence. (2) The verdict of the jury is contrary to law. (3) The verdict of the jury is contrary to the law and the evidence. (4) The damages assessed by the jury are excessive. (5) The court erred in giving and in refusing to give certain designated instructions. We have carefully read the evidence in the record and find that while there is sharp conflict therein, there is some evidence in support of the allegations of the complaint. It is well settled that under such circumstances the verdict of

the jury must stand. Appellant, in its reply brief, says: "Our labors have been in vain if we have not shown that the verdict was against the preponderance of the evidence." Such is not the rule in this jurisdiction.

The objection that the verdict is excessive cannot be sustained. The rule in this connection is that "unless the record discloses that the amount is so grossly excessive as to make it so appear at first blush, this court will require that it be pointed out wherein the record so discloses, to such extent as to induce belief that the jury was actuated by prejudice, partiality or corruption." *Cleveland, etc., R. Co.* v. *Harrison* (1912), 178 Ind. 324, 329, 98 N. E. 729. The evidence herein shows that decedent was a married man, thirty-five years of age, in good health; that he was qualified as an electrician and was earning $85 per month. It was shown that he had an expectancy of over thirty-one years, and left a widow with five children. Under these circumstances, without any attempt to show that the jury acted out of prejudice, partiality or corruption, we are asked to say that a judgment for $8,000 is excessive. This we cannot do. Of the instructions given by the court of its own motion, appellant objects to Nos. 4, 6 and 11. Instruction No. 4 reads as follows: "It is alleged in the plaintiff's complaint that it was the duty of the defendant to make reasonably safe the decedent's working place while performing work for the defendant. Under the law, it is the duty of an employer to furnish his servants a reasonably safe place in which to perform their work, and to take the proper precautions and use reasonable care to guard against injury to the servant, and if injury occur on account of the failure of the master to discharge this duty, and the employe is without fault, the employer will be liable." Appellant's criticism of this instruction is that it undertakes to set out all the essential elements necessary to show liability on the part of appellant and, therefore, the omission of any one of

such elements is error. We do not construe it to be a hypothetical instruction undertaking to cover the entire case but, on the contrary, it only defines the duty of the master to furnish a reasonably safe place in which to work and to use reasonable care to guard against injury to the servant. Taken in connection with the other instructions given, we think it correct. *Harbison* v. *Boyd* (1912), 177 Ind. 267, 96 N. E. 587, and authorities cited.

Instruction No. 6 defines negligence as "the doing of a thing that a reasonably prudent person would not do under the circumstances surrounding him at the time; or

7. it is the omission to do a thing that a reasonably prudent person would do under the circumstances. The degree of care required in any given case, to avoid the imputation of negligence, is ordinary care. The law interprets ordinary care to be that degree of care which a person of ordinary prudence under the particular circumstances is presumed to exercise to avoid injury. Such care is required to be in proportion to the danger to be avoided and the fatal consequences that may result from neglect." This instruction properly defines negligence and ordinary care, and has been approved heretofore. *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 677, 53 N. E. 641; *Louisville, etc., R. Co.* v. *Schmidt* (1897), 147 Ind. 638, 648, 46 N. E. 344; *Toledo, etc., R. Co.* v. *Goddard* (1865), 25 Ind. 185, 200; *Indianapolis St. R. Co.* v. *Seerley* (1905), 35 Ind. App. 467, 471, 72 N. E. 169, 1034.

In instruction No. 11 the court charged that "the duty of the master to use reasonable care to provide reasonably safe places for his servants to work is a continuing one.

8. The master does not discharge his duty in this regard by providing a safe place in the first instance and then remaining passive. He must supervise, examine and inspect as often as custom and experience require, and at all times use ordinary care to keep the working place of his servant in a reasonably safe condition." Appellant's ob-

jection that this instruction "makes the master an insurer of the safety of his servants" is not well taken. The instruction goes no further than to charge the master with at all times exercising ordinary care to keep his servant's working place in a reasonably safe condition.

Instruction No. 10, tendered by appellant and refused by the court, contained the positive declaration "that the motorman and his helper were fellow servants of the decedent." This was a question of fact to be determined by the jury under proper instructions and it was not error to refuse the same, especially in view of instruction No. 21 given to the jury wherein the subject was properly covered.

9.

The remaining assignment, that the verdict of the jury is contrary to law, raises such errors occurring on the trial, as have been carried into the verdict and our conclusions above stated dispose of such alleged errors.

10.

*Reed* v. *Reed* (1913), 180 Ind. 511, 103 N. E. 324. Keeping constantly in mind the one controlling question so that it gets to be the guiding star at every phase and turn of such a case as this, namely, has substantial justice been done, we are compelled to answer it in the affirmative.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 802. As to the duty of master to furnish safe appliances and machinery for servant, see 34 Am. Rep. 621; 54 Am. Rep. 726; 57 Am. Rep. 727. As to what is an excessive verdict in an action for death by wrongful act, see 18 Ann. Cas. 1209. See, also, under (1) 3 Cyc. 93, 108; (2) 26 Cyc. 1384-1389; (3) 31 Cyc. 101; (4) 3 Cyc. 348; (5) 13 Cyc. 375; (6) 29 Cyc. 1491, 1497; (7) 29 Cyc. 649, 650; (8) 26 Cyc. 1136, 1499; (9) 26 Cyc. 1474; (10) 2 Cyc. 996.