## BURFORD *v*. DAUTRICH.

[No. 8,107. Filed January 15, 1914.]

1. NEGLIGENCE.— *Pleading.—Complaint.—Sufficiency.*—A complaint in a personal injury case charging a duty on the part of defendant to protect the plaintiff from the injury complained of, a failure to perform such duty, and an injury resulting therefrom, sufficiently states a cause of action. p. 387.

2. APPEAL.—*Review.—Sufficiency of Pleadings.*—The court on appeal is not warranted in reversing judgment on the ground that pleadings lack scientific accuracy, if they are substantially sufficient. p. 387.

3. APPEAL.—*Review.—Refusal of Instructions.*—The refusal of requested instructions is not erroneous, where, in so far as they are correct, they are fully covered by the instructions given. p. 387.

4. MASTER AND SERVANT.— *Injuries to Servant.— Trial.— Instructions.*—In a common-law action by a servant against his employer for damages for injuries caused by defendant's failure to furnish him a reasonably safe place in which to work, whereby he was injured by the falling of an elevator, an instruction that, as the elevator was a freight elevator, the defendant was not required to supply it with a safety device, was not pertinent to the issues and was properly refused. p. 387.

5. MASTER AND SERVANT.— *Injuries to Servant.— Trial.— Instructions.—Assumption of Risk.*—In a servant's action against his master for damages on account of personal injuries, an instruction that the plaintiff must establish by a fair preponderance of the evidence that the defendant committed the acts of negligence

charged, or some of them, which approximately caused the injuries complained of, or some of them, and if plaintiff established those things he could recover, unless it was also shown that he was guilty of contributory negligence, did not attempt to state all the facts entitling plaintiff to recover, and was therefore not erroneous in omitting the theory of assumption of risk, where that element was fully covered in another instruction.   p. 388.

6.   MASTER AND SERVANT.— *Injuries to Servant.— Trial.— Instructions.—Proximate Cause.*—In an action by a servant for injuries from the falling of an elevator, an instruction telling the jury that if plaintiff was injured as alleged while in the discharge of his duty as night watchman on entering an elevator that was defective and dangerous as alleged, and was known so to be by the servant whose duty it was to repair and keep same in a safe condition in time to have restored it in safe condition or to have warned plaintiff, the finding should be for plaintiff, provided he had established all the other material allegations of his complaint, and provided he did not know and could not reasonably have known or discovered the defect prior to the injury, and was in no other way chargeable with contributory negligence, was not fatally erroneous as omitting the theory of proximate cause, in view of the fact that it directs the jurors to the charge of negligence in the complaint, which avers that it was the proximate cause of the injury, and in view of another instruction fully covering the question of proximate cause.   p. 389.

7.   WITNESSES.—*Discretion of Trial Court.—Cross-Examination.*— In a servant's action for personal injuries, where the defense was that plaintiff was a malingerer, and defendant on cross-examination of a witness had brought out the fact that a certain doctor had refused to come to attend plaintiff when called, the admission of an answer on redirect examination that the reason the doctor would not come was because the witness' mother did not have the money to pay his charge, was within the discretion of the court and not erroneous, though the question called for hearsay evidence.   p. 390.

8.   APPEAL.—*Review.—Harmless Error.—Improper Argument.*—In an action by a servant for personal injuries, the effect of the statement "that little, mean, dirty insurance company", made by counsel for plaintiff in the argument, was cured by a prompt instruction from the court telling the jury that the language was improper and that it should not be considered.   p. 391.

9.   APPEAL.—*Review.—Harmless Error.—Improper Argument.*—The statement "you may believe a witness if you want to", made by counsel for plaintiff in argument to the jury, though an incorrect statement, was not sufficiently prejudicial to warrant a reversal,

where the jury was fully instructed as to the credibility of witnesses and the weight of testimony, and especially when considered in the light of the circumstances under whch the statement was made as disclosed by the record. p. 391.

10. APPEAL.— *Review.*— *Harmless Error.*—*Admission of Evidence.* —A voluntary and improper statement of plaintiff's wife, which was stricken out on motion, was not prejudicial. p. 392.

11. APPEAL.—*Review.*—*Verdict.*—The court on appeal will not disturb a verdict on the evidence if there is some evidence to support every essential element. p. 392.

From Superior Court of Marion County (81,267); *Clarence E. Weir,* Judge.

Action by Henry E. Dautrich against William B. Burford. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William A. Ketcham, Ralph M. Ketcham,* and *Howe Stone Landers,* for appellant.

*Willard Robertson,* for appellee.

SHEA, P. J.—This is a common-law action by appellee Dautrich to recover damages for injuries alleged to have been caused by the negligence of appellant in failing to furnish him with a reasonably safe place in which to work. Dautrich was injured by the falling of an elevator upon which he stepped to extinguish a light, in the line of his duty as night watchman in the printing establishment of appellant, located in the city of Indianapolis. The jury returned a verdict for appellee with damages assessed at $2,000.

It is very earnestly insisted by appellant that the court erred in overruling the demurrer to the complaint because: (1) there is no allegation that appellant's negligence was the proximate cause of the injury; (2) the complaint "affirmatively shows that it was a freight elevator and as such it was not required by law to be provided with safety devices"; (3) "in a case such as the one at bar the complaint must negative the assumption of risk and except by way of recital this is not done and this is not sufficient in

a pleading''; (4) the complaint "affirmatively shows that the injury was due to a hazard incident to the employment as to which the rule is they are assumed by the employe''.

The complaint is in one paragraph and is too long to set out here. It is enough to say that it sufficiently charges (1) the existence of a duty on the part of appellant to protect appellee from the injury complained of; (2) a failure on the part of appellant to perform that duty; and (3) an injury resulting from such failure. And when these elements are charged they together constitute actionable negligence. *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 88, 83 N. E. 632; *Faris* v. *Hoberg* (1893), 134 Ind. 269, 274, 33 N. E. 1028, 39 Am. St. 261; *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 103 N. E. 802. We adhere to and approve what was said in *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 604, 100 N. E. 675, 102 N. E. 99: "However desirable it may be to the courts to secure pleadings that are scientifically accurate, we are not warranted in reversing judgment solely for such reason.''

It is next contended that the court erred in overruling appellant's motion for a new trial, in support of which it is assigned that the court erred in refusing to give to the jury instructions Nos. 1 to 7 inclusive, tendered by appellant, and in giving instructions Nos. 4, 7, 8, 9 and 14 on its own motion. Error is also predicated on the admission and rejection of certain evidence and misconduct of counsel in argument. No error was committed in refusing to instruct the jury peremptorily to return a verdict for appellant, which was the effect of instruction No. 1 tendered by appellant and refused by the court. Instruction No. 2 tendered by appellant, states the law correctly, but it is covered by other instructions given by the court. Instruction No. 3 tendered by appellant sought to have the jury told that the elevator which caused the injury being a freight elevator, appellant was

not required to supply it with a safety device. This instruction was not pertinent to the issue as tried, and no error resulted from refusing to give it. Instructions Nos. 5, 6 and 7 in so far as they correctly state the law are fully covered by other instructions given by the court.

Instruction No. 4 given by the court upon its own motion is seriously objected to by appellant's learned counsel. It reads as follows: "This is an action to recover damages for personal injuries on the ground of negligence, and before the plaintiff can recover he must establish by a fair preponderance of the evidence: First. That he has sustained the injuries complained of, or some of them. Second. That the defendant committed the acts of negligence, or some of them, charged in the complaint. Third. That such injuries were proximately caused by the negligence of the defendant so charged in the complaint and established by the evidence. If the plaintiff has established the foregoing things, then he would be entitled to recover, unless it has also been shown by the evidence that the plaintiff was himself guilty of negligence which caused or proximately contributed to the injuries complained of, in which case the plaintiff would not be entitled to recover." This instruction is objected to on the ground that it omits the theory of assumption of risk. The instruction is subject to criticism for the reason pointed out, but the question of assumption of risk is fully covered by the court in instruction No. 11. By instruction No. 4, the jury was told that appellee could not recover if he were guilty of any negligence which "caused or proximately contributed to his injury". In *Shirley Hill Coal Co.* v. *Moore*, *supra*, in considering an instruction subjected to the same criticism the court said: "Appellant's criticism of this instruction is that it undertakes to set out all the essential elements necessary to show liability on the part of appellant, and therefore the omission of any one of such elements is error. We do not construe it to be a hypothetical instruc-

tion undertaking to cover the entire case; but, on the contrary, it only defines the duty of the master to furnish a reasonably safe place in which to work and to use reasonable care to guard against injury to the servant. Taken in connection with the other instructions given, we think it correct.'' Under the rule there stated, error was not committed in the giving of this instruction. If an instruction attempted to state all the facts entitling the plaintiff to recover, and an essential fact be omitted, a different question would be presented. The objections urged against instructions Nos. 7, 8 and 9 given by the court on its own motion, cannot be sustained.

Instruction No. 14 is objected to because in enumerating the things required to be proved by appellee the court omits the theory of proximate cause. The language of this

6. instruction is sufficient to impress upon the minds of the jurors the fact that the injury must have been caused by the proximate negligence of appellant, for by it the jurors are told that if ''you find from a preponderance of the evidence in this case that on the date in question the plaintiff was engaged in acting as night watchman for the defendant at the plant in question, and that while in the discharge of such duty and as a part of such duty the plaintiff entered the elevator in question to extinguish a light, and if you should further find that the elevator in question was defective and dangerous in the manner alleged in the complaint, and that such defective and dangerous condition was known by the defendant's servant who was charged with the duty of keeping such elevator in repair and maintaining the same in a safe condition, a sufficient length of time prior to the receipt of the injury as that said servant of the defendant could reasonably have put the same in condition safe to the plaintiff, or warned plaintiff of its dangerous condition, and if you should find that by reason of such defective and dangerous condition the plaintiff while so in the discharge of his duties fell and

was injured, as charged in the complaint, then your finding should be for the plaintiff, provided the plaintiff has established all the other material allegations of his complaint, and provided that such dangerous and defective condition was not and could not reasonably have been known to the plaintiff prior to the time of the injury, and provided that the unusual appearance of the elevator, by reason of its slanting position or otherwise, was not such that the plaintiff could reasonably, by the use of his senses, have discovered the same before entering into said elevator, and provided further that plaintiff was not chargeable with any other contributory negligence.'' The complaint sufficiently charged that the negligence of defendant was the proximate cause of the injury. The instruction directs the minds of the jurors to the charge of negligence in the complaint, and the court fully instructed the jury upon the question of proximate cause in instruction No. 4, given upon its own motion. This instruction is sufficient under the rule in *Shirley Hill Coal Co.* v. *Moore, supra.* These are by no means model instructions, and the practice of courts attempting to give mandatory instructions is not to be commended, but it is the opinion of this court that no harmful error resulted.

Reversible error was not committed in sustaining the objection to the question propounded to James M. Jackson, nor in permitting Dr. Emmet E. Rose to answer the question propounded to him. Appellant also urges that

7. the court erred in overruling his objection to the following questions asked the witness Rose Elslager by appellee's counsel, upon redirect examination. ''Why wouldn't he come?'' ''Did Doctor Kurtz give a reason why he wouldn't come?'' and in refusing to strike out the answer thereto as follows: ''He said: 'If your mother has got five dollars to give me when I get down there I will come, and if she hasn't got five dollars for me, I will not come', and I said 'My mother hasn't got five dollars

to give you' and he said: 'Then I can't come' ''. The question objected to and answered by the witness Rose Elslager, while it called for hearsay evidence, was invited by cross-examination by appellant's counsel. Appellant's counsel had brought out on cross-examination of the witness that Dr. Kurtz would not come to attend appellee when called. It is insisted by appellee that the question as follows: ''Why would Dr. Kurtz not come—what reason did he give for not coming'' was proper reëxamination of the witness. The defense in this case appears to have been that appellee was a malingerer. While the question calls for hearsay testimony, and under ordinary conditions would be improper, we think the question of its admission in this case, under the circumstances shown, was within the sound discretion of the trial court, and we cannot say that discretion was abused. Besides, it was not sufficiently material to warrant the court in reversing the judgment of the lower court.

It is very earnestly insisted that counsel in argument used language which was highly prejudicial. Counsel for appellee in addressing the jury used this language:

8. ''that little, mean, dirty insurance company'', and at another point this language: ''You may believe a witness if you want to.'' As to the first statement,

9. upon objection being made the court promptly instructed the jury that the language of counsel was improper, and that they should not consider it in their efforts to reach a verdict. This cured whatever error was made. The law is not correctly stated in the second statement pointed out, but it is not sufficiently prejudicial to warrant this court in reversing this cause. The jury was fully instructed by the court as to the credibility of the witnesses, and weight and importance of their testimony, so that this misstatement of the law by an attorney must be taken to be cured. Besides, when taken in connection with the manner in which the language was used, as shown by

the record, the jury could not have been misled by the statement. The court upon motion struck out improper evidence of plaintiff's wife, Mrs. Lena Dautrich, so her voluntary statement, while improper could not be prejudicial.

Under the well known rule, this court is not able to say that the damages awarded by the jury are excessive. It is insisted that upon the whole record it is shown that appellee was not so seriously injured as claimed, and that the verdict is not sustained by the evidence. It is not claimed that there is not some evidence to support every essential element, and therefore this court will not disturb the verdict.

We find no error in the record which warrants a reversal. Judgment affirmed.

Felt, Hottel, Caldwell, JJ., concur.

Lairy, C. J., and Ibach, J., dissent.

## DISSENTING OPINION.

IBACH, J.—I can not concur in the majority opinion in this case. The trial court committed reversible error in giving to the jury on its own motion instruction No. 4. I am aware of the general rule that a single instruction need not contain the whole law of the case, that each instruction is not to be analyzed singly, but all the instructions given upon any particular subject pertinent to any case are to be taken and considered as an entirety and if as a whole they correctly state the law, the giving of one inadequate, when considered apart from all the others, will not be deemed reversible error. The reason for the above doctrine is quite apparent, but it has no application to instruction No. 4 involved in this appeal.

This is not a case where it can be said that the instruction contained a correct statement of the law as far as it went. Here the jury was given to understand the different things the plaintiff would be required to establish to enable

him to recover, and in the same instruction was told that if such facts were proven, then, unless plaintiff were shown to be guilty of contributory negligence, he would be entitled to a recovery, and yet the court wholly ignored the essential element of assumption of the risk. This is a mandatory instruction and such an instruction cannot be cured by subsequent instructions correctly stating the law. This can only be done by withdrawing the erroneous instruction from the jury. This proposition, I believe, is as old, and the reason for the rule is as clear and correct as the first rule hereinbefore referred to, and it seems to me so well settled that citation of authority is unnecessary. I refer, however, to some of the most important cases. *Haskell & Barker Car Co.* v. *Przezdziankowski* (1908), 170 Ind. 1, 9, 83 N. E. 626, 127 Am. St. 352, 14 L. R. A. (N. S.) 972; *Pennsylvania Co.* v. *Ebaugh* (1899), 152 Ind. 531, 534, 53 N. E. 763; *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584, 587, 57 N. E. 244; *Kentucky, etc., Bridge Co.* v. *Eastman* (1893), 7 Ind. App. 514, 34 N. E. 835; *Cleveland, etc., R. Co.* v. *Scott* (1902), 29 Ind. App. 519, 530, 64 N. E. 896.

The majority opinion in this case seems to have been based largely on the case of *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 103 N. E. 802, recently decided by the Supreme Court of this State, where a somewhat similar instruction to the one now under consideration was held to be sufficient. We feel quite sure, however, that had the attention of the court and of the very able judge who wrote the opinion been sufficiently called to the infirmity which we have discovered, the instruction would not have been approved. Since, however, such opinion has been construed in the manner announced by the majority of the court in this case, I feel that the opinion in the Moore case, *supra,* should be modified so as to conform to the rule as it is declared in very many well considered cases. If, however, it is the purpose of our Supreme Court to modify or change this rule, then I feel that it is due the trial courts and the

bar of the State that the cases in which it has been held that the giving of a similar instruction was reversible error, be overruled.

Lairy, C. J., concurs in this opinion.

Note.—Reported in 103 N. E. 953, 956. See, also, under (1) 29 Cyc. 565; (2) 31 Cyc. 101; (3) 38 Cyc. 1711; (4) 26 Cyc. 1494; (5) 38 Cyc. 1598; (6) 26 Cyc. 1496; (7) 40 Cyc. 2524; (8) 38 Cyc. 1503; (9) 38 Cyc. 1509; (10) 38 Cyc. 1440; (11) 3 Cyc. 348.